# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERRI LABLANCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-00693-BP |
| CORIZON HEALTH, INC., | ) **JURY TRIAL DEMANDED** |
| and | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS. | ) |
| Defendant. | ) |

## FIRST AMENDED PETITION

### NATURE OF THE CLAIM

COMES NOW the Plaintiff, Terri LaBlance ("Plaintiff"), by and through her attorneys, and pursuant to Fed. R. Civ. P. 15(a)(2)[1], alleges the following against Corizon Health, Inc. ("Corizon") and the Missouri Department of Corrections ("D.O.C.) (hereinafter collectively, "Defendants") and states:

1. This case is brought by Plaintiff against Defendants Corizon and D.O.C. Plaintiff seeks monetary damages to redress the deprivation of Rights accorded to Plaintiff under the Civil rights Act, 42 U.S.C. §1981 ("§1981"), and 42 U.S.C. §2000(e) *et. seq.* ("Title VII").

### JURISDICTION AND VENUE

2. Both jurisdiction and venue are proper in this Court, because federal questions are involved, and because, the unlawful employment practices were committed within this judicial circuit. Jurisdiction and venue are therefore proper in this Court pursuant to 28 U.S.C. §1331

---

[1] In accordance with Fed. R. Civ. P. 15(a)(2), this Amended Petition is filed with written consent of [the opposing parties]. *See* Emails attached as Exhibit A.

and 28 U.S.C. §1391(b).

3. At all times mentioned herein, all of Defendants' employees were acting within the scope of their employment with Defendants and in furtherance of their businesses.

## PARTIES

4. Plaintiff is an African-American female and citizen of the United States.

5. At all times relevant herein, Plaintiff was employed by Defendants.

6. Corizon is a corporation authorized and doing business in the state of Missouri.

7. D.O.C. is a state agency created and authorized to conduct business in the state of Missouri.

8. At all times relevant to the allegations in this Complaint, Defendants have engaged in interstate commerce, done business in the State of Missouri and have been employers within the meaning of 42 U.S.C. §2000(e) *et. seq.* ("Title VII").

## CONDITION PRECEDENT

8. Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC). A copy of the charge is attached hereto as Exhibit B and is incorporated herein by reference.

9. Plaintiff received her right-to-sue notice pursuant to Title VII. A copy of the right to sue is attached hereto as Exhibit C and incorporated herein by reference. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

10. On or about June 12, 2017, Plaintiff began employment with Corizon and D.O.C. as a "Nurse Practitioner/Medical Provider."

11. On or about September 1, 2017, a Caucasian employee made reference to something being "nigger-rigged". The same Caucasian employee, after correction from Plaintiff, changed her statement to "African-American engineered".

12. On or about January 15, 2018, another Caucasian Lab Technician intentionally and maliciously, and against medical, Corizon, and D.O.C. protocol, placed a biohazard bag and specimen on my desk; after refusing a directive of Plaintiff. Plaintiff submitted a complaint as a result.

13. D.O.C. personnel began watching Plaintiff's every move, conducting thorough searches of Plaintiff and her belongings while Caucasian employees were not subjected to the same searches; and barging into Plaintiff's office while conducting provider/patient consults.

14. In February of 2019, Plaintiff received, via U.S. Mail, personal, confidential and medically protected records from Dr. Karen Epperson, Plaintiff's supervisor at Corizon. Dr. Epperson sent Plaintiff's medical records while employed by Corizon and in her capacity as an employee of Corizon.

15. Based on information and belief, Dr. Epperson and other Corizon staff worked in concert with D.O.C. employees to question Plaintiff's employment status.

16. On or about February 22, 2019, Plaintiff resigned her employment due to the racist comments, treatment, and retaliation by Defendants.

17. Based on information and belief, Corizon employees did not receive training and/or were re-trained on prohibitions against discrimination in the work place.

18. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or

ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
## Violations of 42 U.S.C. §1981

19. Plaintiff hereby incorporates paragraphs 1 through 18 of the Complaint, by reference, as if fully set forth herein.

20. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiff.

21. Defendants' harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

22. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

23. Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

24. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and racial discrimination in Plaintiff's work place.

25. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

26. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to quit her job.

27. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

28. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant for a finding that she has been subjected to unlawful discrimination; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

## COUNT II
### Title VII- Racial Discrimination and Racial Harassment

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

30. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination and racial harassment against Plaintiff.

31. The Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

32. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

33. Management level employees knew, or should have known, of the racial harassment and discrimination described herein, but failed to take appropriate remedial action.

34. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's

allegations and of other witnesses, Defendants exacerbated the racially hostile environment and discrimination in Plaintiff's work place.

35. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

36. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to quit her job.

37. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

38. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is now suffering and will continue to suffer damages, including emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful racial harassment and discrimination provided by 42 U.S.C. 2000(e) *et seq.*; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert' fees provided by 42 U.S.C. §2000(e) -5(k); and for such other and further relief the Court deems just and proper.

## COUNT III
## Title VII—Retaliation

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

40. Plaintiff's complaints concerning the racial discrimination and racial harassment she was subjected to constituted protected activity.

41. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

42. Defendant's retaliation against Plaintiff was committed with malice or reckless

disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

43. Defendant's retaliatory actions against Plaintiff caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination provided by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k); and for such other and further relief the Court deems just and proper.

### COUNT IV
### Violations of 42 U.S.C. §1981—Retaliation

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

45. Plaintiff's complaints concerning the racial discrimination and racial harassment she was subjected to constituted protected activity.

46. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

47. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

48. Defendant's retaliatory actions against Plaintiff caused her to suffer emotional

distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that she has been subjected to unlawful discrimination provided by 42 U.S.C. 1981*;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

          Respectfully Submitted

          **KRIGEL & KRIGEL, PC**

By: /S/ Ivan L. Nugent
    Ivan L. Nugent, MO# 62148
    Lara K. Pabst, MO# 62
    4520 Main St., Suite 700
    Kansas City, Missouri 64111
    Telephone: 816.756.5800
    Facsimile: 816.756.1999
    Email: inugent@krigelandkrigel.com
    Email: lpabst@krigelandkrigel.com

ATTORNEYS FOR PLAINTIFF

**CERTIFIECATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via the court's email delivery system to all parties of record on the 30th of December, 2019

          /S/ Ivan L. Nugent
          Ivan L. Nugent