EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TERRI YOLANDA LABLANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00693-BP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS AND CORIZON ) | |
| HEALTH, ) | |
| ) | |
| Defendants. ) | |

## MISSOURI DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Missouri Department of Corrections ("MDOC"), by and through its attorneys, responds to Plaintiff's First Request for Admissions as follows:

## REQUESTS

**REQUEST FOR ADMISSION NO. 1:** Admit that the Plaintiff was an employee of defendant D.O.C.

ANSWER: **Objection. This request calls for a legal conclusion. Subject to and without waiving the objection, Defendant MDOC denies.**

**REQUEST FOR ADMISSION NO. 2:** Admit that Plaintiff met with the warden at the beginning of her employment at the D.O.C.

ANSWER: **Admit.**

**REQUEST FOR ADMISSION NO. 3:** Admit that all D.O.C., also employed with defendant Corizon, have to enter the facility through a security station at the beginning and end of each shift.

ANSWER:  **Objection. This request is vague and confusing as to whom Plaintiff is referring to in the phrase "all D.O.C., also employed with defendant Corizon." Additionally, as written, it calls for a legal conclusion. Subject to and without waiving the objections, and in regards to all D.O.C. employees and Corizon employees, Defendant MDOC admits that they have to enter the facility through a security station at the beginning and end of each shift.**

**REQUEST FOR ADMISSION NO. 4:** Admit that Corizon staff do not have access to D.O.C. prisoner records maintained by the D.O.C.

ANSWER:  **Objection. This request is vague and ambiguous as to the term "prisoner records." Subject to and without waiving the objection, Corizon staff do have access to some prisoner records.**

**REQUEST FOR ADMISSION NO. 5:** Admit that D.O.C. staff do not have access to prisoner medical records maintained by defendant Corizon.

ANSWER: **Objection. This request is vague and ambiguous as to "D.O.C. staff." Subject to and without waiving the objection, some DOC employees have access to some medical records maintained by Corizon.**

**REQUEST FOR ADMISSION NO. 6:** Admit that Corizon staff are required to abide by D.O.C. policies while employed with Corizon.

ANSWER:  **Objection. This request is vague and ambiguous as to which D.O.C. policies being referred to as Corizon staff are not required to**

**abide by all D.O.C. policies, and thus, Defendant MDOC denies.**

**REQUEST FOR ADMISSION NO. 7:** Admit that Corizon staff are required to abide by D.O.C. policies while employed with the D.O.C.

ANSWER: **Objection. This request is vague and ambiguous as to which D.O.C. policies being referred to as Corizon staff are not required to abide by all D.O.C. policies. Additionally, there are no Corizon employees employed by the D.O.C. as the two are mutually exclusive. Thus, Defendant MDOC denies.**

**REQUEST FOR ADMISSION NO. 8:** Admit that all Corizon staff are given an identification badge by the D.O.C. used to enter the D.O.C.'s facility.

ANSWER: **Admit.**

Respectfully Submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Rachel L. Jag*
Rachel L. Jag, #70674
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone (816) 889-5000
Fax (816) 889-5006
rachel.jag@ago.mo.gov

*Attorneys for Missouri Department of Corrections*