IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERRI YOLANDA LABLANCE, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MISSOURI DEPARTMENT OF )<br>CORRECTIONS AND CORIZON )<br>HEALTH, )<br> )<br>Defendants. ) | Case No. 4:19-cv-00693-BP |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT CORIZON HEALTH'S BILL OF COSTS**

Plaintiff Terri LaBlance ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1(a)(1), makes the following objections to the Bill of Costs submitted by Defendant Corizon Health ("Corizon") on February 3, 2021 (Doc. #78):

**Legal Standards**

"A district court has discretion in determining and awarding costs in a given case. The court's power to tax costs, however, is limited to the items enumerated in [28 U.S.C. § 1920]." *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-5032-DGK, 2016 WL 6023696, at *2 (W.D. Mo. July 26, 2016). The enumerated categories in Section 1920 "represent rigid controls [and] only items within these categories may be taxed." *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, No. 08-0840-CV-W-ODS, 2013 WL 1155245, at *1 (W.D. Mo. Mar. 20, 2013).

As noted by the Supreme Court, Section 1920 creates a "narrow scope of taxable costs" that are limited to "relatively minor, incidental expenses" and represent just "a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Because taxable costs are

limited by statute and are modest in scope," the Supreme Court has found "no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Id.*

"[T]he party seeking to recover costs [i.e., Corizon] has the burden of persuading the court that the items and amounts sought are, in fact, compensable under 28 U.S.C. § 1920 or some other statute." *Kirk*, 2016 WL 6023696, at *2. "[T]his obligation requires some indication as to the costs' necessity." *Combs v. Cordish Cos.*, No. 14-0227-CV-W-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015). "Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them." *Neidenbach v. Amica Mut. Ins. Co.*, No. 4:13-cv-1604 CAS, 2016 WL 5076149, at *1 (E.D. Mo. Sept. 14, 2016).

## Specific Objections and Supporting Authorities

Here, Corizon has not met its burden of persuasion for the requested award of costs; the proposed Bill of Costs provides no explanation of the necessity of the costs for which Corizon seeks to be reimbursed. For the reasons outlined below, Plaintiff submits that Corizon's requested award of costs should be denied; or, in the alternative, any award of costs should be reduced from the amount requested in Corizon's Bill of Costs.

Corizon seeks **$4,071.80** for costs associated with printed and videotaped depositions taken in the case. First, Corizon has failed to include any suggestions as to the necessity of the associated costs. Further, Corizon has not included any invoices that would allow for inspection of costs incurred. Viewing the invoices would show whether additional costs associated with shipping, video synchronization and various other services beyond the simple costs of transcripts and exhibits is included in the total. (*See* Doc. #79). These costs, should they exist, are not taxable. *See, e.g.*, *Kirk*, 2016 WL 6023696, at *4 ("A cost that is merely associated with a deposition is not compensable."; this includes shipping and handling, which "is not taxable");

2

Case 4:19-cv-00693-BP   Document 80   Filed 02/17/21   Page 2 of 6

*Alt. Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, No. 4:14 CV 1469 CDP, 2016 WL 3443574, at *2 (E.D. Mo. June 23, 2016) (finding that cost of synchronizing written and video deposition transcripts is "not a fee for the transcript" and "is not recoverable" as costs, and also that "[f]ees charged by the court reporter for postage and delivery are not recoverable"); *Combs*, 2015 WL 5096009, at *4 ("The Court's prior ruling leads to the obvious conclusion that synchronization of the written and video depositions is not allowed.").

Further, Corizon seeks costs for both printed and video transcripts of Plaintiff's deposition, which are only recoverable in tandem when "each transcript was necessarily obtained for use in the case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015). The Eighth Circuit has noted that this requirement can be satisfied when both the written and video transcripts are used at trial in a matter like "a large and complex patent case" or to make deposition designations to play to the jury at trial. *Id.* at 466.

Corizon has not made any effort to demonstrate – or even argue – that any costs, but specifically, both printed and video transcripts were necessarily obtained for use in this case, as required by *Stanley*. In the event that costs are awarded, the costs for both transcripts should therefore be denied, and Corizon should be allowed only the costs of the printed transcript (if awarded any costs at all). *See Alt. Med. & Pharmacy*, 2016 WL 3443574, at *2 ("Here, defendants offer no such explanation as to why both types of transcripts were 'necessarily obtained for use' in this case. In the absence of any evidence that both transcripts were necessary, the Court agrees with plaintiff's arguments that the electronically recorded transcripts . . . were for the convenience of counsel, rather than necessarily obtained for use in the case.

3

Therefore, the Court will award defendants the costs of printed deposition transcripts only . . . .").[1]

Videotaped depositions also proved unnecessary because this case did not proceed to trial. Even if they may have eventually been necessary for trial, Corizon could have waited to order copies of the videos in order to avoid unnecessary costs in this case; the failure to do so caused it to incur unnecessary expense that should not be taxed to Plaintiff.

In the absence of any suggestions as to the necessity of costs incurred or invoices itemizing costs incurred by Defendant Corizon, the Court should deny Corizon's requests as it has not met its burden under *Kirk* to show the necessity of the costs requested; or alternatively, the Court should deduct the **$860.00** associated with the video costs of Plaintiff's deposition. WL 6023696, at *2.

## **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Corizon's requests for costs, or alternatively, deduct a total of **$860.00** from Corizon's proposed Bill of Costs, based on the specific objections detailed and itemized above.

---

[1] The court in *Alternative Medicine & Pharmacy* made one exception for "a key witness outside the subpoena power of the Court." *Alt. Med. & Pharmacy*, 2016 WL 3443574, at *2. There are no such witnesses in this case, as the deposed witnesses include only Plaintiff, a non-party that resides in Missouri, and the parties' experts.

Respectfully submitted,

KRIGEL & KRIGEL, P.C.

By: */s/ Ivan L. Nugent*
    Ivan L. Nugent    MO #62148
    4520 Main St., Ste. 700
    Kansas City, Missouri 64111
    Telephone:    816.756.5800
    Facsimile:    816.756.1999
    inugent@krigelandkrigel.com

*Attorneys for Plaintiff Terri LaBlance*

## CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that the foregoing document was filed this 17th day of February, 2021, via the Court's CM/ECF system, which shall send electronic notice of the same to the following counsel of record:

**Counsel for Defendant Corizon**
Michael L. Matula
Claudia M. Tan
OGLETREE DEAKINS, NASH, SMOAK & STEWART, P.C.
4520 Main St, Ste. 400
Kansas City, Missouri 64111

                                            */s/ Ivan L. Nugent*
                                            Attorney for Plaintiff